

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

February 15, 1939

Hon. E. A. Watson
County Attorney
Crosbyton, Texas

Dear Sir:

> Opinion No. 0-279
> Re: Construing the compensation
> allowed under Article 3895,
> Revised Civil Statutes.

Your letter of February 2nd, addressed to Hon.
Gerald C. Mann, Attorney General of Texas, has been re-
ceived, in which you request an opinion pertaining to
questions on Article 3891. We herein set forth the
second paragraph of your letter:

> "Is an ex-officio compensation duly
> and regularly allowed by a commissioners'
> court, under Article 3895 (amended 43rd
> Legislature, 1933) to be treated as such
> a fee of office as would be subject to the
> maximum of fees allowed under Article 3883
> (amended 43rd Legislature, 1933), and, if
> surpassing said maximum, to be treated as
> excess fees to be disposed of under Article
> 3891 (amended 43rd Legislature, 1933)? Or,
> is such ex-officio compensation to be
> treated as additional compensation and to
> be reported for the purpose of showing,
> whether or not such additional compensation
> when added to fees retained and excess fees
> surpasses the maximum to be earned by an
> official as allowed in said Article 3891."

Article 3895 reads as follows:

> "The Commissioners' Court is debarred
> from allowing compensation for ex-officio
> services to county officials when the com-
> pensation and excess fees which they are

allowed to retain shall reach the maximum
provided for in this chapter. In cases
where the compensation and excess fees
which the officers are allowed to retain
shall not reach the maximum provided for
in this chapter, the Commissioners' Court
shall allow compensation for ex officio
services when, in their judgment, such com-
pensation is necessary, provided, such
compensation for ex officio services allow-
ed shall not increase the compensation of
the official beyond the maximum of compen-
sation and excess fees allowed to be re-
tained by him under this chapter. Provided,
however, the ex officio herein authorized
shall be allowed only after an opportunity
for a public hearing and only upon the af-
firmative vote of at least three members
of the Commissioners' Court."

We assume from your letter that such allowance
made by the Commissioners' Court, by order duly entered,
is not for any such special legal services and this be-
ing true, such allowance is more in the nature of an ad-
vance of compensation upon the maximum fees allowed by
law to be retained by the official. Article 3895 places
a limitation upon such compensation in that said sum
allowed with the excess fees which said officer may re-
tain shall not exceed the maximum amount of compensation
and excess fees allowed to be retained.

(217sw378) As we understand the opinion in the Veltman
case, referred to in your letter, the court points out
that Article 3895, and as it existed prior to its amend-
ment, while limiting the amount of compensation, the
limitation on the authority of the Commissioners' Court
to allow ex-officio compensation was not enlarged or
diminished by the amendment but existed the same as
prior thereto.

In determining the maximum compensation, it is
necessary to read together Articles 3883 and 3891, as
amended. It is evident by the plain and unambiguous lan-
guage used that Article 3895 is not to be confused with
such fees allowed under these articles. Our interpreta-

tion in the Weltman case is to the effect that Article 3895 vested authority in the Commissioners' Court in the matter of allowing an estimated amount of compensation to be paid within its own judgment but subject to the limitations as expressed therein.

We respectfully refer you to the case of Anderson County vs. Hopkins, 187 SW 1019, construing ex-officio compensation under Article 3895 prior to its amendment in 1933 in which it is held that such ex-officio compensation is not considered "excess fees" of office.

It is, therefore, the opinion of this Department that an allowance of compensation by the Commissioners' Court under Article 3895, when added to the undisputed fees allowed and retained under Article 3883 cannot exceed the maximum expressed in Article 3891. When this allowance, added to such fees retained, makes the total surpass the maximum allowed under Article 3883, the overage would not be considered "excess fees" and distributed as such.

Trusting that this answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Wm. J. R. King
Assistant

WmK:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS